Appeal of **LOWELL COTTON MILLS.** Docket No. 453.

> The appeal of the taxpayer from a denial by the Commissioner of its application for assessment of excess and war profits taxes under the provisions of section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918 for the taxpayer's fiscal year ended January 31, 1918, denied because of lack of evidence.

Submitted December 15, 1924; decided January 13, 1925.

*Edwin S. Linz, C. P. A.*, for the taxpayer.

*R. A. Littleton, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before LANSDON, SMITH, and TRAMMELL.

This appeal from a denial·by the Commissioner of the taxpayer's application for assessment of excess and war profits taxes under the provisions of section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918, for the taxpayer's fiscal year ended January 31, 1918, came on for hearing December 15, 1924. The taxpayer introduced no evidence and the only evidence introduced by the Commissioner is a copy of a letter sent to the taxpayer under date of December 1, 1923, and a photostat copy of the original return made by the taxpayer for the fiscal year ended January 31, 1918.

FINDINGS OF FACT.

1. The taxpayer is a North Carolina corporation, with its principal office at Lowell, N. C.

2. A deficiency letter was mailed to the taxpayer under date of September 19, 1924, showing a deficiency in tax for the fiscal year ended January 31, 1918, of $36,025.06.

3. Under date of December 1, 1923, a letter was sent to the taxpayer by the Commissioner, which letter reads as follows:

DECEMBER 1, 1923.

LOWELL COTTON MILLS,
> *Lowell, N. C.*

SIRS: Reference is made to the income and excess profits tax returns of your company for the fiscal year ended January 31, 1918, and to your application for assessment of the excess and profits taxes under the provisions of sections 210 and 328, respectively, of the Revenue Acts of 1917 and 1918.

After careful consideration and review, your application for assessment of your excess and profits taxes for the above-named years under the provisions of sections 210 and 328 has been denied in view of the fact that it is found that your statutory invested capital can be determined and no abnormality exists which brings your case within the scope of the provisions of sections 210 and 328, respectively, of the Revenue Acts of 1917 and 1918.

The tax previously assessed upon your original return is, therefore, affirmed, subject to any changes developing through a final audit of your return under section 301 of the Revenue Act of 1918.

Respectfully,

(Signed.) J. G. BRIGHT,
*Deputy Commissioner.*

4. The taxpayer's original return filed for the fiscal year ended January 31, 1918, shows salaries paid to officers of $19,061.42, invested capital $512,938.31, and taxable income $292,633.21. The taxpayer's

balance sheet at January 27, 1917, showed total assets $986,325.53 and liabilities as follows:

| | |
|---|---:|
| Accounts payable | $17,646.01 |
| Notes payable | 300,741.21 |
| Reserve for depreciation | 155,000.00 |
| Capital stock—common | 200,000.00 |
| Capital stock—preferred | 60,000.00 |
| Surplus | 262,938.31 |
| | 986,325.53 |

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

SMITH: This appeal is from the determination of the Commissioner of a deficiency in tax for the year ended January 31, 1918, in the amount of $36,025.06. The taxpayer does not protest the correctness of the computation showing the deficiency in tax as found, but seeks to have the Board reverse the Commissioner's action in denying it consideration under the relief provisions of the Revenue Acts of 1917 and 1918, namely, section 210 of the Revenue Act of 1917 and sections 327 and 328 of the Revenue Act of 1918. The denial of such consideration was in a letter sent to the taxpayer by the Commissioner under date of December 1, 1923, and is set forth in full in the findings of fact.

The grounds on which the taxpayer claims the right to consideration under the relief provisions of the law are (1) that a large percentage of the capital which was used in the operation of the business for the taxable year was borrowed capital, and (2) that the salaries paid to the taxpayer's officers were abnormally low. The taxpayer has submitted no evidence whatever in support of its contentions. It was suggested by counsel for the taxpayer that the averments contained in the petition are supported by the taxpayer's tax return for the year ended January 31, 1918. A copy of that return was submitted in evidence by the Commissioner. The only other evidence before the Board is a copy of the letter of December 1, 1923, also offered by the Commissioner.

Upon examination of the taxpayer's return it is found that it does not support the averments contained in the petition in material points. The allegations of the petition were apparently taken from data which had been changed by the audit which was made by the Commissioner.

From the evidence before it the Board is unable to determine whether there is any abnormality of invested capital or of income which would entitle the taxpayer to consideration under the relief provisions of the Revenue Acts of 1917 and 1918 or whether consideration under those provisions would afford any relief. In view of this lack of evidence the determination of the Commissioner of a deficiency in tax for the fiscal year ended January 31, 1918, in the amount of $36,025.06 must be approved.